J-S84036-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| MUSTAFA C. THOMAS, | |
| Appellant | No. 2436 EDA 2014 |

Appeal from the PCRA Order of August 14, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0916841-1993

BEFORE:  OLSON, SOLANO AND FITZGERALD,* JJ.

CONCURRING MEMORANDUM BY OLSON, J.:          **FILED JULY 25, 2017**

I concur in the result of remanding this case for an evidentiary hearing.  I write separately, however, as I believe that it is important to clarify the parameters of the hearing that will be held on remand.

As noted by the learned Majority, Appellant, Mustafa C. Thomas, appeals from the August 14, 2014 order dismissing, as untimely, his second petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  While his appeal was pending, Appellant filed with this Court a "Petition to Remand to Trial Court for Evidentiary Hearing Relating to Newly Discovered Evidence" ("petition to remand").  Attached to the petition to remand is a letter to Appellant's counsel dated May 18, 2017 from Anthony Carissimi, Assistant District Attorney, PCRA Unit.  Mr. Carissimi's letter references additional documents that were transmitted to Appellant's

_____

*Retired Justice specially assigned to the Superior Court.

counsel regarding the recent decision of the Philadelphia District Attorney's Office Conviction Review Unit ("CRU") that the conviction of Appellant's co-defendant and brother, Shaurn Thomas, "should be vacated." Petition to Remand, Exhibit X-A-1, 5/24/17. One of the documents transmitted was "a memorandum from an [a]ssistant [d]istrict [a]ttorney in the CRU who met with William Stallworth, a witness at [Appellant's] trial." *Id.* The letter goes on to state

> If you choose to seek a remand from the Superior Court to litigate claims that may arise from the attached documents, the Commonwealth will not oppose that request. Please note that the CRU has not investigated [Appellant's] case, and thus has not made any determination about his conviction.

*Id.* Appellant's petition to remand provides in relevant part:

> On 5-19-17 [Appellant's] counsel received information from the [Philadelphia District Attorney's ("DA"] office that William Stallworth recanted his trial testimony and along with other evidence the DA's Office received it would not oppose remand of the matter for an evidentiary hearing on the basis of **newly discovered evidence**. . . .
>
> In the interest of justice this matter should be remanded to the trial court for an evidentiary hearing do [*sic*] to **newly discovered evidence.**

Petition to Remand (emphasis added). Although Mr. Carissimi's correspondence indicates that the Commonwealth will not oppose Appellant's request for a remand, it is unclear what issues the Commonwealth agrees should be examined upon remand. The mere fact that the Commonwealth agrees to a remand does not give Appellant the right to a hearing aimed at exploring his eligibility for substantive relief (presumably based on newly

discovered evidence) without first establishing an exception to the PCRA's timeliness requirement. Appellant's petition to remand indicates that he seeks a remand for a hearing on the basis of newly discovered **evidence**. In the absence of a definitive determination that Appellant has overcome the PCRA's one-year time-bar, however, it is important to make clear that the remand is solely for the purpose of deciding whether the newly discovered **fact** exception has been met. Unless and until the PCRA court determines that the newly discovered fact exception to the timeliness requirement is applicable, the PCRA court lacks jurisdiction to consider the merits of Appellant's after discovered evidence claim. Thus, I believe that it is necessary that we clarify the parameters of our remand order.

It is well established that "any PCRA petition, including a second or subsequent petition, [] be filed within one year of the date that the petitioner's judgment of sentence becomes final, unless [the] petitioner pleads [and] proves that one of the [three] exceptions to the timeliness requirement . . . is applicable." **Commonwealth v. McKeever**, 947 A.2d 782, 785 (Pa. Super. 2008); 42 Pa.C.S.A. § 9545(b). Further, since the time-bar implicates the subject matter jurisdiction of our courts, we are required to determine first the timeliness of a petition before we consider the underlying claims. **Commonwealth v. Yarris**, 731 A.2d 581, 586 (Pa. 1999). Our Supreme Court explained:

> The PCRA timeliness requirements are jurisdictional in nature and, accordingly, a PCRA court is precluded from considering

untimely PCRA petitions. ***See, e.g., Commonwealth v. Murray***, 753 A.2d 201, 203 (Pa. 2000) (stating that "given the fact that the PCRA's timeliness requirements are mandatory and jurisdictional in nature, no court may properly disregard or alter them in order to reach the merits of the claims raised in a PCRA petition that is filed in an untimely manner"); ***Commonwealth v. Fahy***, 737 A.2d 214, 220 (Pa. 1999) (holding that where a petitioner fails to satisfy the PCRA time requirements, this Court has no jurisdiction to entertain the petition). [The Pennsylvania Supreme Court has] also held that even where the PCRA court does not address the applicability of the PCRA timing mandate, th[e Court would] consider the issue *sua sponte*, as it is a threshold question implicating our subject matter jurisdiction and ability to grant the requested relief.

***Commonwealth v. Whitney***, 817 A.2d 473, 475-476 (Pa. 2003).

In this case, Appellant's judgment of sentence became final on January 31, 1998.[1] Thus, Appellant's second PCRA petition filed on September 23, 2011 is patently untimely and the burden falls on him to allege and prove that one of the PCRA timeliness exceptions applies. Whether Appellant meets this burden is a threshold inquiry that the PCRA court must resolve on remand prior to considering the merits of the petition. ***Commonwealth v.***

_____

[1] Appellant was sentenced on January 31, 1995. He appealed and this Court affirmed in part and remanded for an evidentiary hearing regarding trial counsel's ineffectiveness. ***Commonwealth v. Thomas***, 685 A.2d 214 (Pa. Super. 1996) (unpublished memorandum). On remand, the trial court found that trial counsel was not ineffective and we affirmed that ruling on December 31, 1997. ***Commonwealth v. Thomas***, 706 A.2d 1259 (Pa. Super. 1997) (unpublished memorandum). Appellant did not seek further review from the Pennsylvania Supreme Court, therefore, his judgment of sentence became final 30 days after this Court's December 31, 1997 affirmance. 42 Pa.C.S.A. § 9545(b)(3) (a judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review.").

*Edmiston*, 65 A.3d 339, 346 (Pa. 2013);  *See also Commonwealth v. Taylor*, 67 A.3d 1245, 1248 (Pa. 2013), *cert. denied*, 134 S.Ct. 2695 (2014) ("The PCRA timeliness requirement . . . is mandatory and jurisdictional in nature. . . . The court cannot ignore a petition's timeliness and reach the merits of the petition.").

There are three exceptions to the timeliness requirement of the PCRA. It is not clear from Appellant's brief or petition to remand which exception Appellant seeks to establish, however, it appears that Appellant relies on the after discovered fact exception set forth in 42 Pa.C.S.A. § 9545(b)(1)(ii). This section provides that "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence".  *Id.*

> The timeliness exception set forth in Section 9545(b)(1)(ii) requires a petitioner to demonstrate he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence.  Due diligence demands that the petitioner take reasonable steps to protect his own interests.  A petitioner must explain why he could not have learned of the new fact(s) earlier with the exercise of due diligence.  This rule is strictly enforced. Additionally, the focus of this exception "is on the newly discovered facts, not on a newly discovered or newly willing source for previously known facts."

*Commonwealth v. Brown*, 111 A.3d 171, 176 (Pa. Super. 2015), (internal quotations and citations omitted), *appeal denied*, 125 A.3d 1197 (Pa. 2015). Our Supreme Court recently described this section as providing a gate-keeping function.  "The function of a section 9545(b)(1)(ii) analysis is that of

a gatekeeper. Its inquiry, therefore, is limited to considering only the existence of a previously unknown fact that would allow a petitioner to avoid the strict one year time-bar." **Commonwealth v. Cox**, 146 A.3d 221, 229, n.11 (Pa. 2016). Thus, the legal inquiry for jurisdictional purposes is limited to examining whether the facts were unknown, and, if so, whether the subsequent uncovering of the facts were done with due diligence, which "requires neither perfect vigilance nor punctilious care, but rather it requires reasonable efforts by a petitioner, based on the particular circumstances, to uncover facts that may support a claim for collateral relief." **Commonwealth v. Burton**, 121 A.3d 1063, 1071 (Pa. Super. 2015) (*en banc*), *affirmed*, 2017 WL 1149203 (Pa. 2017). Provided a petitioner has satisfied these two prongs, only then is a merits analysis proper. Thus, on remand, it is only after the PCRA court is satisfied following a hearing that Appellant did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence, that the court may exercise jurisdiction to consider the merits of the PCRA petition.[2]

---

[2] If the PCRA court has jurisdiction, the relevant inquiry then becomes whether the claim is cognizable under the PCRA. Section 9543 of the PCRA sets forth seven categories of claims that justify relief. Of relevance here is the "after discovered evidence" provision which provides that a claim alleging "the unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced" is cognizable under the PCRA. 42 Pa.C.S.A. § 9543(a)(2)(vi). To establish such a claim, the petitioner must prove that "(1) the evidence has been discovered after trial and it could not
*(Footnote Continued Next Page)*

- 6 -

Appellant argues that there are two newly discovered facts that support his claim for relief. First, he argues that a Philadelphia Police Department Criminalistics Laboratory report dated December 16, 1994 was not discovered until after trial. Appellant's Brief at 2, 8. I do not believe that this is a newly discovered fact that demonstrates a timeliness exception. Moreover, I do not believe that an evidentiary hearing is necessary to make this determination. Thus, I would direct the PCRA court that this issue is not to be considered upon remand.

During Appellant's trial, the Commonwealth offered for identification a series of 14 photographs of a blue Chevrolet Caprice. N.T., 12/12/94, at 41-76. Counsel for the defense objected at which time the prosecutor stated that John and William Stallworth would testify that the photographs depicted

_(Footnote Continued)_ ───────────

have been obtained at or prior to trial through reasonable diligence; (2) the evidence is not cumulative; (3) it is not being used solely to impeach credibility; and (4) it would likely compel a different verdict." ***Commonwealth v. D'Amato***, 856 A.2d 806, 823 (Pa. 2004). Appellant's counsel appears to conflate the newly discovered **fact** exception to the timeliness requirement of the PCRA, and the after discovered **evidence** provision that permits relief under the PCRA. In both the brief and petition for remand, counsel argues that Appellant is entitled to collateral relief based upon newly discovered evidence which "showed [Appellant] was innocent of the offenses of which he was convicted" and "[Appellant] was not present and not involved in the murder/robbery." Appellant's Brief at 11. ***See also*** Petition to Remand ("In the interest of justice this matter should be remanded to the trial court for an evidentiary hearing do [*sic*] to newly discovered *evidence*.") (emphasis added). However, unless the PCRA court determines that is has jurisdiction over this untimely second PCRA petition, the merits of the petition, including the argument that the after discovered evidence establishes that Appellant is innocent, cannot be considered.

the car used by Appellant during the robbery. *Id.* at 42. Later during trial, however, both Stallworths testified that a different car was used in the robbery. The prosecutor never asked John or William Stallworth to identify the blue Caprice depicted in the photographs and the trial court prevented these exhibits from going to the jury. N.T., 12/15/94, at 116-117.

It is alleged that counsel for Appellant's co-defendant, Shaurn, discovered the Criminalistics Report in 2011. The report was apparently authored during the trial and it demonstrated that the Caprice was not used in the robbery and murder. Appellant asserts that this report is exculpatory and was wrongly withheld from the defense in violation of **Brady v. Maryland**, 373 U.S. 83 (1963).

As previously noted, in order to invoke the newly discovered fact exception to the PCRA timeliness requirement, Appellant must establish that (1) the facts upon which the claim was predicated were unknown, and (2) these facts could not have been ascertained by the exercise of due diligence. I do not believe that the Criminalistics Report satisfies section 9545(b)(1)(ii). The record refutes Appellant's assertion that the Commonwealth failed to reveal that it performed testing on the Caprice. Officer James Caldwell testified that evidence collected from the Caprice was "submitted to the Criminalistics Laboratory" on February 8, 1991. N.T., 12/12/94, at 70. More importantly, the Criminalistics Report does not constitute a previously unknown fact as the Commonwealth informed

Appellant's counsel during trial that the blue Caprice was not involved in the robbery and murder. Thus, the photographs were successfully excluded from evidence. N.T., 12/15/94, at 116-117. The Commonwealth did not attempt to use any evidence relating to the blue Chevrolet Caprice against Appellant. The Criminalistics Report merely confirmed the previously known fact that the Caprice was not involved in the crime. ***Commonwealth v. Edmiston***, 65 A.3d 339, 352 (Pa. 2013) (a petitioner must allege and prove previously unknown facts, not merely a "newly discovered or newly willing source for previously known facts.") Thus, on remand, I do not believe that evidence should be considered regarding the Criminalistics Report discovered in 2011.[3]

---

[3] To the extent Appellant would argue that the Criminalistics Report serves as a basis for the governmental interference exception set forth in Section 9545(b)(1)(i), I disagree. "Although a ***Brady*** violation may fall within the governmental interference exception, the petitioner must plead and prove that the failure to previously raise these claims was the result of interference by government officials, and that the information could not have been obtained earlier with the exercise of due diligence." ***Commonwealth v. Hawkins***, 953 A.2d 1248, 1253 (Pa. 2006) (citation omitted). In other words, Appellant must plead and prove that the government interfered with his ability to raise the ***Brady*** violation. A ***Brady*** violation exists "where the suppressed evidence is material to guilt or punishment, *i.e.,* where there is a reasonable probability that, had the evidence been disclosed, the result of the proceeding would have been different." ***Commonwealth v. Couser***, 154 A.3d 287, 301 (Pa. 2017) (citation omitted). Here, the trial court excluded all evidence relating to the blue Chevrolet Caprice. Thus, the Criminalistics Report was immaterial to Appellant's guilt and, therefore, cannot support a claim of a ***Brady*** violation.

The second newly discovered fact upon which Appellant relies is the alleged recantation by William Stallworth. Specifically, in his PCRA petition, Appellant relies upon a declaration of Shaina A. Tyler, an investigator employed by the Pennsylvania Innocence Project. In this declaration, Ms. Tyler states that she visited William Stallworth on September 29, 2011 at which time "William Stallworth told [Ms. Tyler] that his testimony at the trial of Shaurn and Mustafa Thomas was a lie, and that he made up the entire story." Declaration of Shaina A. Tyler, 22/23/11, at 1-2. On April 11, 2017, while this case was on appeal before this Court, William Stallworth apparently was interviewed again by a member of the Philadelphia District Attorney's CRU.[4] During this second interview, William stated "[h]e was not present on 11/13/1990 for the robbery and murder of Domingo Martinez"

_____

[4] Appellant's petition to remand attaches a copy of Mr. Carissimi's letter of May 18, 2017 that references the appeal of Appellant's co-defendant, Shaurn Thomas. Mr. Carissimi also references the CRU's determination that Shaurn's conviction should be vacated based upon documents that were allegedly transmitted to Appellant's counsel with Mr. Carissimi's letter. Counsel for Appellant did not include the attachments in the petition to remand. These attachments are important to our analysis regarding the petition to remand as the Commonwealth's decision not to oppose a remand of Appellant's case was based, in part, on these documents. Fortunately, some of the documents were made part of the record in Shaurn's appeal to this court at docket no. 1943 EDA 2014. Specifically, the "memorandum from an [a]ssistant [d]istrict [a]ttorney in the CRU who met with William Stallworth" which is referenced in Mr. Carissimi's letter to Appellant's counsel and which was allegedly attached to Mr. Carissimi's letter as "App. C" was attached to Appellant, Shaurn Thomas' Second Petition to Remand to the Court of Common Pleas for a Hearing Concerning After-Discovered Evidence, filed on May 3, 2017 at docket no. 1943 EDA 2014.

and "[h]e does not believe, but has no first[-]hand knowledge, that Shaurn Thomas was there either." Shaurn Thomas' Second Petition to Remand to the Court of Common Pleas for a Hearing Concerning After-Discovered Evidence, 5/3/17, 4/11/17 Memo to File. William allegedly went on to say "[h]e believes that the murder was committed by John Stallworth and [Appellant] possibly at the behest of the decedent's family." *Id.* Before the PCRA court may consider whether this is after discovered evidence that entitles Appellant to collateral relief, the court must first determine whether Appellant has proven that he did not know of William's statements and could not have learned about the statements earlier by the exercise of due diligence.[5] Only if Appellant meets this burden may the PCRA court consider the merits of Appellant's after discovered evidence claim.[6] Thus, with this clarification, I concur in the result to remand for an evidentiary hearing.

_____

[5] I question whether William Stallworth's statements are, in fact, a recantation of his entire trial testimony. He apparently has recanted his testimony that he was present at the robbery and murder; however, he does not recant his testimony that Appellant was involved in the crime.

[6] In dismissing Appellant's PCRA petition, the PCRA court concluded that the declaration of Ms. Tyler was inadmissible hearsay and could not serve as a basis for the newly discovered fact timeliness exception. PCRA Court Opinion, 5/21/15, at 8-9. The court went on to consider the merits of the claim that Ms. Tyler's declaration was after discovered evidence that entitled Appellant to collateral relief. *Id.* at 9-10. Part of the PCRA court's rationale for its conclusion that Appellant was not entitled to relief was that "PCRA counsel did not produce an affidavit from William Stallworth indicating he was ready, willing and able to testify on the Appellant's behalf if an evidentiary hearing were held. Instead, PCRA counsel submitted an affidavit

*(Footnote Continued Next Page)*

---
*(Footnote Continued)* ——————————

[*sic*] from an Innocence Project investigator, Shaina Tyler, recounting what William Stallworth told her." ***Id.*** at 10. Since the PCRA court issued its opinion, the Commonwealth produced a memo from an assistant district attorney from the CRU outlining the statements made by William Stallworth during the interview on April 11, 2017. This memo does not indicate whether William Stallworth is "ready, willing and able" to testify at an evidentiary hearing. However, Appellant need not produce such evidence at this time. Pa.R.Crim.P. 902(A)(15) sets forth the requirements for a PCRA evidentiary hearing. It provides that "[t]he request for an evidentiary hearing shall include certification as to each intended witness, stating the witness's name, address, and date of birth, and the substance of the witness's testimony." Nothing in the rule requires an affidavit from the witness. ***See Commonwealth v. Pander***, 100 A.3d 626, 640 (Pa. Super. 2014) ("a sworn affidavit is not necessary to secure a hearing" under the PCRA). Thus, Appellant should be given the opportunity to obtain William Stallworth's testimony at an evidentiary hearing. It will then be up to the PCRA court to assess his testimony in determining whether the newly discovered fact timeliness exception applies and, if so, whether Appellant is entitled to collateral relief based upon a claim of after discovered evidence.